UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARROWOOD INDEMNITY COMPANY,

     Plaintiff,

vs.                                                                   Case No: 8:09-cv-1193-T-27EAJ

ANDERSON DOGALI, et al.,

     Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Arrowood Indemnity Company's motion to dismiss Defendants' counterclaim. (Dkt. 54). Defendants have responded in opposition. (Dkt. 57). Because Arrowood Indemnity's arguments lack merit, the motion (Dkt. 54) is DENIED.

*Introduction*

This action was originally commenced by Arrowpoint Capital Corporation. The gist of its complaint was that Defendants committed legal malpractice while defending one of its predecessor's insureds. After receiving the summons and complaint, Defendants filed a counterclaim, alleging that Arrowpoint Capital failed to pay approximately $115,000 in legal fees. (Dkt. 12). Although it was not a party, Arrowood Indemnity Company answered the counterclaim, apparently contending that the claim for unpaid legal fees should have been brought against it, not Arrowpoint Capital. (Dkt. 16).

After a year of litigation, Arrowpoint Capital moved to substitute Arrowood Indemnity as the proper plaintiff under Fed. R. Civ. P. 17. The motion was denied. Two weeks later, Defendants voluntarily dismissed the counterclaim against Arrowpoint Capital. Because an answer to the

1

counterclaim had been filed, the Court construed Defendants' notice as a motion to dismiss the counterclaim pursuant to Fed. R. Civ. P. 41(a)(2) and granted the construed motion. After Defendants filed the notice of dismissal, Arrowpoint Capital filed an amended motion to substitute Arrowood Indemnity as the real party in interest, which was granted. The order directed that pursuant to Fed. R. Civ. P. 17(a)(3), this action shall proceed "as if it had been originally commenced" by Arrowood Indemnity. (Dkt. 52).

One month after the substitution, Defendants refiled their counterclaim, this time naming Arrowood Indemnity as the counterclaim-defendant. Arrowood Indemnity has moved to dismiss the counterclaim, arguing that (1) Defendants' counterclaim against Arrowpoint Capital was dismissed with prejudice and therefore *res judicata* bars the counterclaim against Arrowood Indemnity, and (2) the counterclaim was untimely. Defendants oppose dismissal, arguing that the counterclaim was dismissed without prejudice and was properly refiled. Alternatively, Defendants request leave to file the counterclaim.

*Analysis*

The parties agree that Defendants' counterclaim is compulsory and must be asserted in this proceeding. They disagree, however, on the effect of the earlier dismissal. Arrowood Indemnity contends that because Defendants dismissed the compulsory counterclaim, it cannot be refiled, even in this action. The Court disagrees.

First, the voluntary dismissal of a compulsory counterclaim only bars the reassertion of that claim in a *subsequent, separate* proceeding. *See, e.g., American Plastic Equip., Inc. v. Toytrackerz, LLC*, Civ. No. 07-2253-DJW, 2008 WL 917635, at *7 (D. Kan. Mar. 31, 2008) ("In sum, a party's dismissal of a compulsory counterclaim in an action that eventually goes to judgment, even when the dismissal is without prejudice, precludes that party from refiling that same claim in another

2

action."); Fed. R. Civ. P. 13(a), Advisory Comm. Notes, 1937 Adoption ("If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."); *cf. Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380-82 (11th Cir. 1991) (noting "[a] failure to raise a compulsory counterclaim in the first suit results in a waiver of that claim," and holding failure to bring compulsory counterclaim in prior state court proceeding barred diversity action on that claim). Defendants are not precluded from refiling their compulsory counterclaim in the *same* proceeding.[1]

Second, *res judicata* only applies where there has been "a final judgment on the merits." *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). Although a final judgment of dismissal 'with prejudice' is given *res judicata* effect, neither Defendants' notice of dismissal nor the Court's order stated that the counterclaim was dismissed 'with prejudice.' *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) (noting judgment of dismissal with prejudice under Rule 41 is given *res judicata* effect). Pursuant to Rule 41(a), the dismissal of the counterclaim was without prejudice and therefore has no preclusive effect.[2] *See* Fed. R. Civ. P. 41(a)(1)(B), (a)(2), (c).

Defendants represent that they voluntarily dismissed the counterclaim because Arrowood Indemnity's answer disclosed that their claim for legal fees was not properly brought against

---

[1] *SSMC, Inc. v. Steffan*, 102 F.3d 704 (4th Cir. 1996) does not hold otherwise. In *SSMC*, the district court emphasized that because "SFAC's claim was a compulsory counterclaim, it had to be pursued in this case." 102 F.3d at 711-12. The district court later dismissed the counterclaim as part of its final order. *Id.* at 708. Under those circumstances, the Fourth Circuit agreed that the dismissal, even though without prejudice, had "the same effect as a dismissal with prejudice." *Id.* at 712. Unlike Defendants in the instant case, there is no indication that SFAC attempted to reassert its counterclaim in the same proceeding.

[2] Although Defendants initially filed the counterclaim against Arrowpoint Capital, only Arrowood Indemnity filed an answer. Because of this, Defendants contend that the counterclaim was automatically dismissed upon filing the notice of dismissal, and the order was unnecessary. *See* Fed. R. Civ. P. 41(a)(1)(A), (a)(2). This argument need not be addressed, however, because the result is the same whether dismissal was effected by the notice or the order. *See* Fed. R. Civ. P. 41(a)(1)(B), (a)(2).

3

Arrowpoint Capital. Arrowood Indemnity argues that Defendants should have amended their counterclaim, rather than filing a notice of voluntary dismissal. This is untenable. At the time Defendants dismissed the counterclaim, Arrowood Indemnity was not a party to this action and was not the subject of a pending motion to substitute. *See* Fed. R. Civ. P. 13(a)(1) (requiring party to file compulsory counterclaim which it has "against an opposing *party*") (emphasis added).

Rule 13(a) was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962). These purposes are certainly well-served by permitting Defendants to pursue their counterclaim in this action.

Arrowood Indemnity suggests that Defendants' counterclaim is untimely. The Court disagrees. Rule 13(e) provides, "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Rather than imposing a specific deadline for filing a supplemental pleading containing a counterclaim, the rule simply requires the pleader to obtain leave of court.

Although Defendants did not request leave prior to filing the counterclaim, they did so in their memorandum in opposition to Arrowood Indemnity's motion to dismiss. Rule 13 must be construed liberally to ensure that disputes are resolved "on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975).[3] The argument for allowing the counterclaim "is especially compelling when, as here, the omitted counterclaim is compulsory." *Id.*

The parties have already engaged in discovery related to the counterclaim. And the discovery

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

period remains open for several months. Arrowood Indemnity has not demonstrated the existence of prejudice or any other reason that warrants denying leave to file the counterclaim.

*Conclusion*

Accordingly, Arrowood Indemnity's motion to dismiss (Dkt. 54) is **DENIED.** Defendants' request for leave to file their counterclaim (Dkt. 53) is granted *nunc pro tunc*. Arrowood Indemnity shall answer the counterclaim within fourteen (14) days.

**DONE AND ORDERED** this 29th day of June, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record