UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ARROWOOD INDEMNITY**
**COMPANY,**

    **Plaintiff,**

v.                                           Case No.: 8:09-CV-1193-T-27EAJ

**ANDERSON DOGALI, et. al,**

    **Defendants,**

v.

**ROBERT AUDE ASSOCIATES, INC.**
**f/k/a AUDE, SHAND & WILLIAMS, INC.,**

    **Third Party Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    Before the court are Defendants Anderson Dogali and Forizs & Dogali, P.A.'s **Motion for Summary Judgment** (Dkt. 86),[1] Plaintiff Arrowood Indemnity Company's **Opposition** (Dkt. 96), and Third Party Defendant Robert Aude Associates, Inc.'s **Opposition** (Dkt. 99). For the reasons stated at the hearing on June 23, 2011 and those explained below, it is **RECOMMENDED** that Defendants' motion be **DENIED**.

**Standard of Review**

    A movant is entitled to summary judgment when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Courts must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." Scott v. Harris,

---

[1] The District Judge referred the motion to the undersigned for a report and recommendation (Dkt. 101).

550 U.S. 372, 378 (2007) (citation and internal quotation marks omitted) (alteration in original). However, facts need not be viewed in the light most favorable to the nonmoving party where a dispute over those facts is not "genuine." Id. at 380. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id.

## Background[2]

Plaintiff, an insurer, issued professional liability policies to Aude, Shand & Williams, Inc., an architecture firm located in Clearwater, Florida and now known as Robert Aude Associates, Inc. ("RAA"). In July 2000, RAA entered into a contract to design a residential town home development in St. Petersburg, Florida, called Natures Watch. In 2001, Plaintiff retained Anderson Dogali, Esq. and his law firm, Forizs & Dogali, P.A. ("Defendants"), to represent RAA when a principal of RAA was deposed in a lawsuit by Natures Watch homeowners against the Natures Watch Homeowners' Association. At that time, Plaintiff became aware of a potential lawsuit against RAA, and Plaintiff retained Defendants under a "loss prevention claim." The loss prevention claim was covered by a professional liability policy with an effective period of July 20, 1999 through July 20, 2001 and a policy limit of $500,000 (the "1999-2001 policy").

In June 2006, four (4) Natures Watch homeowners (the "underlying plaintiffs") filed separate lawsuits against RAA alleging construction defects in their town homes (the "underlying suit"). The underlying plaintiffs' causes of action arose in September 2003 when RAA allegedly authorized the cutting of concrete slabs that contained post-tension cables. Once again, Plaintiff retained

---

[2] The following background facts are drawn from the materials in the record and construed in the light most favorable to the nonmoving parties. See Scott, 550 U.S. at 378.

2

Defendants to represent RAA. At the time the post-tension cables were cut, a policy was in force that had an effective period of July 20, 2003 through July 20, 2004 and a policy limit of $1 million (the "2003-2004 policy"). Despite the more recent policy, Plaintiff opened a claim under the 1999-2001 policy believing that the lawsuit against RAA might be related to the 2001 loss prevention claim. Plaintiff subsequently determined that the 2003-2004 policy applied, and Plaintiff opened a new claim under the more recent policy and refunded a portion of RAA's deductible.

Plaintiff alleges that Defendants made a number of mistakes while defending the underlying suit, and Plaintiff filed the present suit asserting, <u>inter alia</u>, a claim for legal malpractice.[3] Among the alleged mistakes was Defendants' mishandling of a witness, William Nagaj ("Nagaj"), a former employee of RAA. Mr. Nagaj was deposed in the underlying suit on January 12, 2007, and his deposition testimony was damaging to RAA's case. Following the deposition, Defendants met with Nagaj at his home and without a court reporter and created an errata sheet that recanted material portions of Nagaj's deposition testimony. The underlying plaintiffs were given leave to redepose Nagaj, and Nagaj testified that Defendants pressured him into creating the errata sheet. As a result, Defendant Anderson Dogali became a material witness in the underlying case, and Defendants withdrew as counsel for RAA. RAA retained substitute counsel, Dale Golden, Esq., who settled the case for an amount that was substantially higher than previous settlement offers.

## Discussion

Defendants argue that they are not liable for any sums expended by Plaintiff in indemnifying RAA for the underlying suit because Plaintiff acted as a "volunteer" when it intentionally settled the

---

[3] RAA's counterclaims against Defendants also include a count of legal malpractice (Dkt. 31).

case under the wrong policy.[4]  As a result, Defendants contend that they are entitled to summary judgment as a matter of law.  Alternatively, Defendants move for partial summary judgment as a matter of law with respect to the allegation that they negligently handled Nagaj as a witness.  Defendants submit that such negligence was not the proximate cause of Plaintiff's damages because successor counsel had an opportunity to remedy any potential harm by admitting liability and precluding Nagaj from testifying at trial.

Plaintiff responds that it did not act as a volunteer because its obligation to indemnify RAA for the underlying suit was never in dispute; the only issue was the source of Plaintiff's obligation.  Moreover, Plaintiff claims that it applied the earlier policy in good faith and based on the advice of counsel, and it has since corrected the mistake by applying the more recent policy.

As to Defendants' request for partial summary judgment, Plaintiff and RAA respond that Defendants' negligence placed them in the position of having to admit liability to preclude Nagaj from testifying.  Additionally, Plaintiff and RAA argue that proximate causation is a question of fact for the jury to decide and that there are genuine issues of fact as to the consequences of Defendants' alleged negligence.

**1.      Volunteer Doctrine**

Under the volunteer doctrine, "when a surety is not obligated to act under the terms of a bond, 'then any sums expended by it for that purpose would have been as a mere volunteer for which liability could not be imposed . . . on the indemnitors under the terms of the indemnity agreement.'" Great Am. Ins. Co. v. Sch. Bd. of Broward Cnty., No. 09-61636-CIV, 2010 WL 4366865, at *20 (S.D. Fla. July 30, 2010) (quoting Wright v. Fid. & Cas. Co. of N.Y., 139 So. 2d 913, 915 (Fla. 1st

---

[4] Defendants contend that Plaintiff applied the 1999-2001 policy because it had a lower policy limit than the 2003-2004 policy.

DCA 1962)). A party that pays a debt in self-protection to avoid suffering a loss if the obligation is not discharged is not a volunteer. See Galen Health Care, Inc. v. Am. Cas. Co. of Reading, Pa., 913 F. Supp. 1525, 1531 (M.D. Fla. 1996).

Here, the parties agree that the 2003-2004 policy obligated Plaintiff to indemnify RAA for the underlying suit. As Plaintiff's indemnity obligation is not in dispute, the volunteer doctrine does not apply. Moreover, even if the volunteer doctrine did apply, there are genuine issues of fact as to whether Plaintiff originally applied the 1999-2001 policy in good faith and whether Plaintiff paid the underlying claim in self-protection. As a result, these issues preclude summary judgment for Defendants.[5]

**2.      Defendants' Handling of William Nagaj as a Witness**

In Florida, a legal malpractice claim has three elements: (1) the attorney's employment; (2) the attorney' neglect of a reasonable duty; and (3) the attorney's negligence as the proximate cause of the client's loss. Moscowitz v. Oldham, 48 So. 3d 136, 138 (Fla. 5th DCA 2010). Proximate causation is ordinarily a question of fact to be resolved by the jury. Fla. Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007); McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992).

Defendants argue that they are not the proximate cause of Plaintiff's damages because successor counsel had an opportunity to remedy the alleged negligence by admitting liability. However, the cases that Defendants cite to support their position are distinguishable in that those cases involved situations where substitute counsel had an opportunity to remedy the alleged negligence of failing to file an action by filing the action prior to the expiration of the statute of

---

[5] Plaintiff also argues that Defendants waived their right to assert the volunteer doctrine because it was not pleaded as an affirmative defense in Defendants' Answer. RAA argues that the doctrine does not apply because it is not relevant to the damages RAA seeks in its malpractice counterclaim.   The court need not reach these arguments at this time.

limitations.  See Faulkner v. Ensz, 109 F.3d 474, 476-77 (8th Cir. 1997); Frazier v. Effman, 501 So. 2d 114, 115 (Fla. 4th DCA 1987).  Here, the proposed remedy – admitting liability – is not a remedy at all, and both Plaintiff and RAA claim that Defendants' negligence placed them in the position of having to admit liability.

Moreover, proximate causation is ordinarily a question of fact left to the jury, and in this case, there are disputed issues of fact regarding the consequences of Defendants' alleged negligence. Thus, partial summary judgment on this issue should be denied.

### Conclusion

Accordingly and upon consideration, it is **RECOMMENDED** that Defendants' **Motion for Summary Judgment** (Dkt. 86) be **DENIED**.

**Date:   June 24, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge