UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARROWOOD INDEMNITY CO.,

    Plaintiff,

vs.                                                             Case No.: 8:09-CV-1193-T-27EAJ

ANDERSON DOGALI, et al.,

    Defendants,

vs.

ROBERT AUDE ASSOCIATES, INC., et al.,

    Third-Party Defendants.
_____/

## ORDER

BEFORE THE COURT is Defendants' motion to seek recusal filed pursuant to 28 U.S.C. § 455(a) (Dkt. 129). After careful consideration, the motion (Dkt. 129) is DENIED.

### Discussion

This legal malpractice action is scheduled for jury trial before the undersigned during the next trial term, commencing August 1, 2011. In their pretrial statement, Plaintiffs list attorney Alan Wagner, of Wagner, Vaughan and McLaughlin, P.A., as a fact and expert witness. During the pretrial conference on July 8, 2011, the undersigned disclosed that his son had, within the past few weeks, accepted a position as an associate with Wagner, Vaughan and McLaughlin, P.A. In their motion, Defendants suggest that the undersigned's impartiality has thereby been placed in question, requiring recusal under 28 U.S.C. § 455(a).

The circumstances under which a judge must recuse because of a familial relationship are enumerated in § 455(b). Recusal is mandated only when a person within the third degree of relationship, including a son:

>    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>    (ii) Is acting as a lawyer in the proceeding;
>
>    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5).

None of these circumstances are present. Rather, Defendants' argument is focused solely on the catch-all language of § 455(a), which provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Specifically, Defendants contend that because they "will be in the position of attacking the credibility of Judge Whittemore's son's employer . . . [i]t is apparent that under the current circumstances, the court's impartiality 'might reasonably be questioned' by the reasonable observer, requiring Judge Whittemore's recusal." (Dkt. 129, p. 5, ¶ 7).

Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The inquiry is therefore an objective one, "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J., Statement on Recusal)). More precisely, the inquiry is made from the perspective of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (quotation omitted); *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

While Defendants incorporate the correct standard governing recusal under §455(a) in their motion, the suggested correlation between the credibility of a retained attorney expert witness who happens to employ the judge's son and the "apparent" perspective of an objective, disinterested, lay observer fully informed of all of the facts and circumstances is far too tenuous to support recusal. If this was a close call and there was any question about the propriety of presiding over this matter, the undersigned would err on the side of caution and dutifully recuse. *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112 (5th Cir. 1980) ("The use of 'Might reasonably be questioned' in section 455(a) (emphasis added) clearly mandates that it would be preferable for a judge to err on the side of caution and disqualify himself in a questionable case.");[1] *United States v. Kelly*, 888 F.2d 722, 744 (11th Cir. 1989)(judge under affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist).

Although the undersigned has given this motion conscientious consideration, this is simply not a close question. The jury will assess the retained expert witness' credibility. At most, the court will be called upon to rule on objections or motions bearing on the witness' testimony. Applying the rules of evidence will not, from the perspective of an objective, disinterested, lay observer who is fully informed of the facts, implicate the partiality of the presiding judge.

Defendants concede that they have not identified any authority directly on point. And they acknowledge that recusal would not be required simply because a judge's son is an associate in a law firm representing a party before that judge. *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463-64 (5th Cir. 1977). "Nor is recusal automatically required where the judge's child is employed by a party to the dispute." *Sw. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520, 522 (8th Cir. 1988);

---

[1] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

3

*Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991).[2] This case involves the far more attenuated circumstance of a judge's son who is employed by the law firm of an attorney who has been retained as an expert witness. In any of these circumstances, as an associate, the judge's son would have no financial interest in the outcome of litigation. Nor is it reasonable to speculate that his employment or professional interests stand to be affected by Mr. Wagner's status as an expert witness in this matter. *See Sensley*, 385 F.3d at 599-601.

In an analogous situation, recusal was not required simply because a party intended to call a witness who happened to be a partner in the same law firm as the judge's spouse. *In re Teligent, Inc.*, 358 B.R. 63, 66 (Bankr. S.D.N.Y. 2006). The law firm (and therefore its partners) had no interest in the litigation. *Id.* Likewise, recusal was not required where a judge's close friend was a principal in the same company as an expert witness. *M.K. Metals, Inc. v. Nat. Steel Corp.*, 593 F. Supp. 991, 995-96 (N.D. Ill. 1984). This was so, even though the company's principal business activity was providing expert testimony, therefore affecting the financial well-being of the judge's friend. *Id.*

The cases Defendants rely on are markedly distinguishable on their facts. *In re School Asbestos Litigation*, 977 F.2d 764, 781-82 (3d Cir. 1992), involved a judge's attendance at a "predominantly pro-plaintiff conference on a key merits issue," in which a "pre-screening" of expert testimony was offered by several key witnesses in a case pending before the judge. The second case, *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989), involved a bench trial before a judge whose spouse was a close friend of a witness's wife. There, recusal was required because the judge had a private conversation in chambers with the witness's wife, which the was "the type of circumstance

---

[2] In the representation context, these holdings reason that an associate is compensated on a salaried basis and therefore lacks a financial interest in the outcome of the case. *Weinberger*, 557 F.2d at 463-64. The party context follows similar logic, and the inquiry is ultimately whether the outcome of the litigation will "affect either his employment or his financial interest in the company." *Datagate*, 941 F.2d at 871; *see Sw. Bell*, 153 F.3d at 523.

especially likely to create the appearance of partiality." *Kelly*, 888 F.2d at 745. The third case Defendants rely on, *Hadler v. Union Bank and Trust Co. of Greensburg*, 765 F. Supp. 976, 978-79 (S.D. Ind. 1991), involved a bench trial in which a close personal friend of the judge was a key witness, as well as an officer and shareholder of a party. The judge agreed to recuse himself because the parties had waived the right to a jury, requiring him to assess the credibility of a friend, and further, his friend had a financial interest in the outcome of the litigation.

It bears mention that, unlike *Kelly* and *Hadler*, this cause will be tried to a jury. Determinations of weight and credibility therefore will fall within the exclusive province of the jury. Reduced to its essence, Defendants' concern appears to be precisely what was articulated in *M.K. Metals*:

> M.K. apparently fears that to prevent such a result I will conduct myself in such a way that the jury believes I credit Professor Carlton's testimony, and that I will make evidentiary rulings with an eye toward presentation of that evidence in a favorable light.

593 F. Supp. at 995-96. As the judge in *M.K. Metals* found, "[s]imply to state that concern discloses its objective unreasonableness, and no extended discussion should be required." *Id.*; *see Hadler*, 765 F. Supp. at 979 (noting, "there is little reason to fear that a judge in open court will unfairly influence a jury, in part because any improper suggestion by a judge in front of the jury is observable by the parties and a matter of record that can be reviewed . . .").

In any event, Defendants have not made a threshold challenge to the admissibility of Wagner's expert witness testimony, and the deadline to file such a motion has passed. Further, had such a ruling been necessary, it would not require disqualification. *See In re Beyond Innovation Tech. Co.*, 166 F. App'x 490, 491-92 (Fed. Cir. 2006) (denying mandamus relief where judge refused recusal notwithstanding that he would have to make a determination of whether the expert testimony of his close friend was admissible under *Daubert*).

In sum, Defendants have not articulated, and an independent consideration by the

5

undersigned, including a review of the Federal Judicial Center's recent publication *Judicial Disqualification, An Analysis of Federal Law, Second Edition*, has not identified, any objectively reasonable basis to believe that the undersigned's son's financial or professional interests will be substantially affected by this proceeding. A well-informed, thoughtful and objective observer would not reasonably question the court's impartiality simply because a witness in the case is a partner in a law firm for which the undersigned's son works as an associate. *See Microsoft*, 530 U.S. at 1302 (Rehnquist, C.J., Statement on Recusal) (recusal was not required under § 455(a) where personal and financial interests of the Chief Justice's son would not be affected by the case).

## Conclusion

Accordingly, Defendants' motion for recusal (Dkt. 129) is DENIED.

**DONE AND ORDERED** this __20th__ day of July, 2011.

                                                                              _____
                                                                              JAMES D. WHITTEMORE
                                                                              United States District Judge

Copies to: Counsel of Record