UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARROWOOD INDEMNITY CO.,

    Plaintiff,

vs.                               Case No.: 8:09-CV-1193-T-27EAJ

ANDERSON DOGALI, et al.,

    Defendants,

vs.

ROBERT AUDE ASSOCIATES, INC., et al.,

    Third-Party Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 110), which recommends that Defendants' motion for summary judgment (Dkt. 86) be denied. Defendants filed objections (Dkt. 120), which they subsequently amended (Dkt. 132). Upon consideration of Defendants' objections, and having conducted an independent examination of the file, the Court is of the opinion that the Report and Recommendation (Dkt. 110) should be adopted, confirmed, and approved in all respects.

### Discussion

Defendants object to the Magistrate's conclusion that the volunteer doctrine is inapplicable and, further, that fact issues would preclude its application on summary judgment. Defendants are entitled to *de novo* review of these portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This is an action for legal malpractice and equitable subrogation. Defendants' argument is that equitable subrogation is not available because Plaintiff acted as a mere volunteer in settling the

underlying action on behalf of its insured. Defendants contend that the payment was voluntary because Plaintiff initially applied an incorrect policy, under which Plaintiff was not obligated to indemnify its insured.

The volunteer doctrine provides that "[s]ubrogation in equity is not available to a mere volunteer or stranger who, without any duty or obligation to intervene and without being so requested, pays the debt of another." *W. Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc.*, 495 So. 2d 204, 207 (Fla. 5th DCA 1986) (emphasis added). There is no dispute that Plaintiff was under an obligation to indemnify its insured. Although that obligation arose in a different policy, Plaintiff was nonetheless obligated to indemnify its insured, and therefore, could not have acted as a volunteer. *See id.*; *Kala Invs., Inc. v. Sklar*, 538 So. 2d 909, 917 (Fla. 3d DCA 1989) (volunteer is one "acting without obligation," rather than a party who has "some right or interest of his own to protect").[1]

## Conclusion

Accordingly, Defendant's objections are OVERRULED. The Report and Recommendation (Dkt. 110) is ADOPTED, CONFIRMED, and APPROVED and is made part of this order for all purposes, including appellate review. Defendants' motion for summary judgment (Dkt. 86) is DENIED.

**DONE AND ORDERED** this 21st day of July, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] Further, the Court agrees with the Magistrate that there are fact issues as to whether Plaintiff made the payment under the incorrect policy in good faith.